IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LATROY DANIELS,
    a/k/a Duke,
GREGORY MOFFETT,
    a/k/a Gutta
    a/k/a Sir Judah, and
MICHAEL WILLIE,
    a/k/a OG Mike,

    Defendants.

Criminal No. 3:19-cr-065

18 U.S.C. § 2
18 U.S.C. § 1959(a)(3) & (a)(5)

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

1.    At all times relevant to this Superseding Indictment, the defendants, **LATROY DANIELS, GREGORY MOFFETT,** and **MICHAEL WILLIE** and others known and unknown to the Grand Jury, were members and associates of the Gangster Disciples, a criminal organization engaged in drug trafficking, money laundering, extortion, and acts of violence including murder and attempted murder. At all relevant times, the Gangster Disciples operated in the Northern District of Mississippi and elsewhere.

### The Racketeering Enterprise

2.    The Gangster Disciples, including its leaders, members, and associates, constituted an "enterprise," as defined in Title 18, United States Code, Section 1959(b)(2) (hereinafter "the enterprise"), that is, a group of individuals associated in fact that engaged

in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members and associates, including its prospective members ("prospects"), functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

### Structure and Operation of the Enterprise

3. The Gangster Disciples was a violent criminal gang which began in the Chicago, Illinois area. The Gangster Disciples and Simon City Royals, another national street gang, were members of the "Folk Nation Alliance" that consisted of members from both gangs.

4. The Gangster Disciples have a detailed and uniform organizational structure, which is outlined - along with various rules, procedures, and code of conduct - in a written "constitution" widely distributed to members throughout Mississippi and elsewhere.

5. Correctional facilities are considered "plugged in" when there are enough members of the "Folk Nation", primarily Simon City Royals and Gangster Disciples, to form a hierarchy within the facility. Once a facility was "plugged in" a "Facility Board" was formed that consisted at a minimum of Gangster Disciples: "21.3", "1.21.3", "IC", "ISC" and Simon City Royals: "Ambassador" and "Ambassador Apprentice." While this board was supposed to act autonomously for the facility, actions were often taken at the direction of ranking officers of both the Simon City Royals and the Gangster Disciples. Members were required to submit reports daily to the board for each facility. The reports included details about money earned, disciplinary actions, and any violence/security threats that occur.

6. In addition to the direct chain of command, incarcerated members of the Simon City Royals were subdivided into additional "Teams" in order to further their criminal

enterprises. These "Teams" had their own rank structure that appears to lack consistency from one to another. These "Teams" consisted of "Intel", "Money", "Tech", and "SOD". The "Money Team" and its members were responsible for collecting debts and managing the money of the organization and its members. The "Money Team" managed this money through a system of electronic ledgers, daily and weekly reporting. The "Tech Team" and its members were responsible for earning money through fraud, extortion, identity theft and other schemes. The "Tech Team" was also involved in dealing with *bitcoin* and the "Deep Web."

7. Inside and outside the prison system, the Gangster Disciples held regular meetings to coordinate their efforts, and to discuss gang business. During these meetings, members discussed gang rivalries, criminal activity, and collected dues from members. The enterprise made its money primarily through the sale and distribution of controlled substances, including methamphetamine, cocaine, marijuana, and various prescription pills, the illegal sale of firearms, and the commission of robberies. The Gangster Disciples provided narcotics to members that are incarcerated who distributed the narcotics inside the penal facility. Enterprise members also utilized various social networking internet sites, including Facebook, to sell and distribute controlled substances and firearms. The money goes to a Treasurer or another higher-ranking member who have the discretion to spend the collected money how the gang chooses. At times, the Treasurer or other ranking member uses the pot of money to purchase additional drugs, firearms, or put the money on the "books" of incarcerated members.

8.     The Gangster Disciples have an ongoing rivalry with the Vice Lords and other People Nation gangs. The Gangster Disciples are encouraged by their leadership to exact violence against rival gang members.

9.     The Gangster Disciples are involved in numerous crimes including, but not limited to multiple acts involving murder and attempted murder, assaults, robberies, identity fraud, mail and wire fraud, and the unlawful possession and trafficking of firearms and narcotics. The Gangster Disciples use violence as a means of retribution for acts done by rival gang members, to intimidate witnesses, and a way for individual gang members to maintain or advance their position within the gang. Members who disobey orders or rules or who are deemed to have acted contrary to the best interest of the gang are punished. The punishment, referred to as a "violation," consists of a beating and possible removal of the member from the gang.

## The Racketeering Defendants

10.    At all times relevant to this Superseding Indictment, **LATROY DANIELS, GREGORY MOFFETT**, and **MICHAEL WILLIE**, the defendants, were members of the Gangster Disciples. **LATROY DANIELS, GREGORY MOFFETT,** and **MICHAEL WILLIE** were also members of the "VIP Facility Board" at East Meridian Correctional Facility, a state prison in Meridian, Mississippi. The defendants participated in the operation and management of the Enterprise as follows:

   a.    **DANIELS** was, at times relevant to this Superseding Indictment, the 21.3 at East Meridian Correctional Facility.

b.     **MOFFETT** was, at times relevant to this Superseding Indictment, the A.I.S.C. He also acted as the "stalker" or "mob boy" at the East Meridian Correctional Facility.

c.     **WILLIE** was, at times relevant to this Superseding Indictment, a representative (standing member) within the Enterprise.

## Purposes of the Enterprise

11.     The purposes of the enterprise included, but were not limited to, the following:

a.     Enriching the leaders, members, and associates of the enterprise through among other things, the illegal trafficking of controlled substances and firearms.

b.     Preserving and protecting the power, territory, operations, and proceeds of the enterprise through the use of threats, intimidation, and violence, including, but not limited to, acts of murder, attempted murder, assault with a dangerous weapon, obstruction of justice, and other acts of violence.

c.     Promoting and enhancing the enterprise and its members' and associates' activities.

d.     Keeping victims in fear of the enterprise and in fear of its leaders, members, and associates through threats of violence and actual violence. The leaders, members, and associates of the enterprise undertook all steps necessary to prevent the detection of their criminal activities and sought to prevent and resolve the imposition of any criminal liabilities upon their leaders, members, and associates, by the use of murder, violence, and intimidation directed against witnesses, victims, and others.

e.     Providing support to gang members who were charged with or incarcerated for gang-related activities.

f.  Preserving and protecting the financial proceeds of the enterprise by money laundering funds through prepaid bank, debit and credit cards.

## Means and Methods of the Enterprise

12. The means and methods by which the members and associates conducted and participated in the affairs of the Gangster Disciples criminal enterprise included the following:

a.  The members and associates of the enterprise attended regular meetings where criminal activity was discussed, financial proceeds from criminal activity were collected including, but not limited to, collection of drug proceeds from subordinate gang members for senior Gangster Disciples gang leaders, and disciplinary beatings of fellow Gangster Disciples gang members were administered.

b.  To enforce discipline and the rules of the enterprise, members and associates of the enterprise engaged in a system of "violations," in which the defendants and others committed murder, attempted murder, conspired to murder, physically assaulted, and threatened those members and associates of the enterprise who violated rules, questioned authority, or posed a threat to the leaders, members, or purposes of the enterprise.

c.  To generate income, Gangster Disciples gang members engaged in illegal activities under the protection of the enterprise, including narcotics trafficking and other illegal activities.

d.  For protection, attacks, and armed combat, Gangster Disciples gang members acquired, carried and used firearms and metal objects, like prison shanks.

e.  Members and associates of the enterprise employed and used gang-related terminology, symbols, phrases, and gestures to demonstrate affiliation with the gang.

      f.      To perpetuate the enterprise and to maintain and extend their power, members and associates of the enterprise committed and conspired to commit acts including murder, attempted murder, intimidation, and assault against individuals who posed a threat to the enterprise or jeopardized its operations, including rival gang members, Gangster Disciples gang members, and witnesses to illegal activities of the enterprise.

      g.      Members and associates of the enterprise hid, misrepresented, concealed, and caused to be hidden, misrepresented, and concealed, the objectives of acts done in furtherance of the "enterprise," and used coded language and other means of communication to avoid detection and apprehension by law enforcement authorities.

      h.      To keep secret the activities of the enterprise, participants communicated using codes and hidden messages, and used a network of members/prospects/associates outside of prison to relay messages to incarcerated members and associates. Members also used encrypted peer-to-peer messaging applications on mobile devices that can be remotely deleted.

13.      The above-described enterprise, through its members, prospects and associates, engaged in racketeering activity as defined in Sections 1959(b) (1) and 1961 (1), of Title 18, United States Code, that is, multiple acts involving murder and attempted murder in violation of Mississippi Code Annotated, Section 97-3-19, and multiple acts involving narcotics trafficking, in violation of Sections 841(a)(1) (distribution and possession with the intent to distribute a controlled substance) and 846 (conspiracy to distribute and possession with the intent to distribute a controlled substance) of Title 21, United States Code.

## COUNT ONE

The Grand Jury further charges:

14. The allegations contained in paragraphs one through thirteen are realleged and incorporated here.

15. On or around May 15, 2018, in the Northern District of Mississippi and elsewhere, for the purposes of maintaining and increasing position in the Gangster Disciples, an enterprise engaged in racketeering activity, the defendants, **LATROY DANIELS, GREGORY MOFFETT,** and **MICHAEL WILLIE**, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly assault C.B. with a dangerous weapon, which resulted in serious bodily injury, in violation of Mississippi Code Annotated, Section 97-3-7; all in violation of 18 U.S.C. §§ 1959(a)(3) and 2.

## COUNT TWO

The Grand Jury further charges:

16. The allegations contained in paragraphs one through thirteen are realleged and incorporated here.

17. On or around May 15, 2018, in the Northern District of Mississippi and elsewhere, for the purposes of maintaining and increasing position in the Gangster Disciples, an enterprise engaged in racketeering activity, the defendants, **LATROY DANIELS, GREGORY MOFFETT,** and **MICHAEL WILLIE**, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly assault D.R. with a dangerous weapon, which resulted in serious bodily injury, in violation of Mississippi Code Annotated, Section 97-3-7; all in violation of 18 U.S.C. §§ 1959(a)(3) and 2.

## COUNT THREE

The Grand Jury further charges:

18. The allegations contained in paragraphs one through thirteen are realleged and incorporated here.

19. On or around May 15, 2018, in the Northern District of Mississippi and elsewhere, for the purposes of maintaining and increasing position in the Gangster Disciples, an enterprise engaged in racketeering activity, the defendants, **LATROY DANIELS, GREGORY MOFFETT,** and **MICHAEL WILLIE**, did knowingly and intentionally combine, conspire, confederate, and agree to murder D.R. and C.B., in violation of Mississippi Code Annotated Sections 97-3-7 and 97-1-1; all in violation of Title 18, United States Code, Section 1959(a)(5).

                                    **A TRUE BILL**

| | |
|---|---|
| **WILLIAM C. LAMAR** | **FOREPERSON** |
| **UNITED STATES ATTORNEY** | |