# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO.: 3:19-cr-065-DMB-RP

LATROY DANIELS, et al.  DEFENDANTS

## ORDER

This matter is before the court on the Government's Motion for Clarification Regarding Disclosure of Discovery Materials. Docket 239. The government states that plea agreements and plea transcripts that are publicly accessible by PACER may be classified as Rule 16 documents, Jenks statements and/or Giglio materials, and the government requests a ruling that those materials are therefore subject to the previously-entered protective order (Docket 64) which prohibits the defendants' attorneys from allowing their clients to retain copies of protected materials. The defendant Gregory Moffett has filed a response in opposition to the government's motion, and the defendants Michael Willie and Latroy Daniels have joined in Moffett's response. The court finds the government's motion is not well taken and should be denied.

The protective order governs the handling of certain materials to be disclosed to the defendants by the government, not the handling of materials the defendants may independently obtain from the court's public records. The protective order governs the handling of "Discoverable Material" and "3500 Material," as those terms are defined in the protective order, that are "disclosed in this case." It is not the court's intention that this would include materials obtained by the defendants from the court's public records, even if such information might also be disclosed to the defendants at some point by the government. Such an interpretation would result in the defendants, who are presumed innocent, being afforded less access to information about their own case than that afforded to the general public. This would contravene the

fundamental principles of fairness and due process in criminal proceedings.

The government states there is a reasonable basis to believe that the defendants in this case, who are alleged high ranking members of the Gangster Disciples, will use "paperwork" documenting the cooperation of co-defendants to cause those individuals to be threatened, harmed or killed. The government correctly notes that this consideration may constitute "good cause" for the court to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" under Federal Rule of Criminal Procedure 16(d). Indeed, the potential for harm to cooperators is a basis for the subject protective order in this case. However, neither Rule 16 nor any of the other authorities cited by the government addresses restricting a defendant's right of access to the court's public records about that defendant's case.

The court must balance the government's interest – indeed the public's interest – in protecting cooperating witnesses from potential harm, on one hand, against the defendants' right of access to information about their case, on the other hand. The plea agreements that are accessible in the court's public records contain no information regarding whether a defendant has cooperated or may in the future cooperate with the investigation or prosecution of others. As for the plea transcripts, to the extent information in them may be used to identify cooperating witnesses and thereby expose them to potential harm, there is a remedy available. The parties are given notice and the opportunity to request redaction of such information before the transcripts are made available to the public via PACER. If this remedy is inadequate to protect cooperating witnesses from potential harm, then prohibiting a defendant's attorney from providing him with copies of the plea transcripts while leaving the general public's right of access unrestricted would seem to be an ineffective solution, given that the defendants' associates who may pose a potential threat to cooperating witnesses would have means of

obtaining the transcripts nonetheless.  The fact that the materials at issue in this instance are available to the general public in the court's public records tips the scale in favor of the defendants' right of access.

For the above reasons, the Government's Motion for Clarification Regarding Disclosure of Discovery Materials is DENIED.

SO ORDERED, this the 19th day of February, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE